

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

July 11, 1985

Mr. Jim Boyle
Public Counsel
Office of Public Utility Counsel
8140 Mopac, Westpark III
Suite 120
Austin, Texas    78759

Opinion No. JM-331

Re: Whether the citizens advisory panel of the Office of Public Utility Counsel is subject to the Open Meetings Act, article 6252-17, V.T.C.S.

Dear Mr. Boyle:

In your request letter you stated:

> The Office of Public Utility Counsel was established in September 1983 by the Texas Legislature (Article 1446c, Section 15[A] and [article 1446e], section 9.07, Vernon's Texas Civil Statutes) to represent the interests of residential and small commercial utility customers in Texas. In June 1984 the office established a citizens advisory panel to provide advice and suggestions to the public counsel on the concerns of residential utility customers. The committee is advisory only, has no statutory or official duties and receives no compensation or reimbursement for expenses. I am writing to inquire about whether meetings of this committee are subject to public notice requirements.

In Attorney General Opinion H-772 (1976), this office said that

> before the [Open Meetings Act, article 6252-17, V.T.C.S.] is applicable to a meeting of a statewide public body, five prerequisites must be met. These are:
>
> (1) The body must be an entity within the executive or legislative department of the state;
>
> (2) The entity must be under the control of one or more elected or appointed members;
>
> (3) The meeting must involve formal action or deliberation between a quorum of members. Compare

> Attorney General Opinions H-238 (1974) and H-3 (1973) holding that meetings of committees consisting of less than a quorum of the parent body must be open;
>
> (4) The discussion or action must involve public business or public policy; and
>
> (5) The entity must have supervision or control over that public business or policy.

The first four of these criteria are probably satisfied in this instance. Even if this is so, however, we conclude, on the strength of the facts that you have furnished, that the fifth criterion is not met here. Accordingly, we answer your question in the negative.

Attorney General Opinion H-772 dealt, inter alia, with the question of whether meetings of the Texas Tech University Athletic Council are subject to the act. In the course of answering this question with a qualified "no," the opinion said:

> [B]oth the structure of the Council and the resolution granting it power indicate that the Texas Tech Athletic Council is an advisory body and has no power, actual or implied, to supervise or control public business. Compare Attorney General Opinion H-438 (1974), where the structure of a similar body and all briefs submitted to the Attorney General on behalf of that body indicated that it exercised supervisory authority over public business or policy. We cannot resolve disputed questions of fact, and we necessarily have relied on the facts presented by the University. According to those facts, the 'meetings' of the Texas Tech Athletic Council do not meet the definition of that term set out in the Open Meetings Act, and its proceedings would not be required to be held in conformity with the dictates of that Act.
>
> However, we strongly caution that should the Council actually function as something more than a merely advisory body with the result that it in fact supervises or controls public business or policy, it would have to comply with the mandate of the Open Meetings Act regarding public notice and open meetings, and in that instance, its members may be subject to sanctions imposed for failure to comply with the Act.

We take the same approach here.  The facts at hand indicate that this citizens advisory panel "is an advisory body and has no power, actual or implied, to supervise or control public business."  Id. Therefore, its meetings are not subject to the Open Meetings Act.  We caution, however, that "should the [panel] actually function as something more than a merely advisory body with the result that it in fact supervises or controls public business or policy, it would have to comply with" the act.  Attorney General Opinion H-772 (1976).

### S U M M A R Y

Under the facts provided, meetings of the citizens advisory panel appointed by the Office of Public Utility Counsel, article 1446c, section 15A, V.T.C.S., are not subject to the Open Meetings Act, article 6252-17, V.T.C.S.

Very truly yours,

**J I M   M A T T O X**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood